Janice M. Palmer 07718
2420 W. Ray
Ste. 1
Chandler, AZ 85224
480-820-4771
Fax: 480-345-2003
janice@palmerlawaz.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>Raymond Lopez<br>Karen Lopez | Case No. 2:11-bk-02685<br><br>**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES** |
| Debtor(s). | ☒ Original<br>☐ Amended<br>☐ Modified |
| SSN xxx-xx-9179   SSN xxx-xx-4090<br>4153 S. Wayne Place<br>Chandler, AZ 85249<br>4153 S. Wayne Place<br>Chandler, AZ 85249 | ☐ Plan payments include post-petition mortgage payments |

This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are:

(A) **Plan Payments and Property to be Submitted to the Plan.**

    (1) Plan payments start on March 1, 2011_. The Debtor shall pay the Trustee as follows:

        $ _599.41_ each month for month _1_ through month _60_ .

    The proposed plan duration is _60_ months. The applicable commitment period is _60_ months. Section 1325(b)(4).

    (2) In addition to the plan payments, Debtor will submit the following property to the Trustee: -NONE-

(B) **Trustee's Percentage Fee**. Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims**. Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

> (1) *Adequate protection payments*. Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| Ford Motor Credit | 2010 Ford Fusion<br>Location: 4153 S. Wayne Place, Chandler AZ 85249 | 214.00 |
| HSBC | one motorcycle Suzuki 650<br>Location: 4153 S. Wayne Place, Chandler AZ 85249 | 96.00 |

☐ See Section (J), Varying Provisions.

> (2) *Administrative expenses*. Section 507(a)(2).
>
>> (a) Attorney fees. Debtor's attorney received $ _2,000.00_ before filing. The balance of $ _2,000.00_ or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.
>
>> (b) Other Administrative Expenses. [Describe]

☐ See Section (J), Varying Provisions.

> (3) *Leases and Unexpired Executory Contracts*. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.
>
>> (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

>> (b) Rejected:

| Creditor | Property Description |
|---|---|
| -NONE- | |

☐ See Section (J), Varying Provisions.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

(4) ***Claims Secured <u>Solely</u> by Security Interest in Real Property***. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| Bank of America<br>Location: 4153 S. Wayne Place, Chandler AZ 85249 | 215,000.00 | 0.00<br>☒ Debtor will pay direct to creditor; or<br>☐ Included in Plan payment. Trustee will pay creditor. | 0.00 | |
| Chase<br>Location: 4153 S. Wayne Place, Chandler AZ 85249 | 215,000.00 | 0.00<br>☒ Debtor will pay direct to creditor; or<br>☐ Included in Plan payment. Trustee will pay creditor. | 2,773.87 | |

☐ See Section (J), Varying Provisions.

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property***. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown as the Amount to be Paid On Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| Ford Motor Credit<br>2010 Ford Fusion<br>Location: 4153 S. Wayne Place, Chandler AZ 85249 | 21,438.10 | 15,000.00 | 21,438.10 | 3.00 |
| HSBC<br>one motorcycle  Suzuki 650<br>Location: 4153 S. Wayne Place, Chandler AZ 85249 | 9,604.05 | 4,000.00 | 4,000.00 | 3.00 |

☐ See Section (J), Varying Provisions.

(6) ***Priority, Unsecured Claims***. All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

(7) *Codebtor Claims*. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

(8) *Unsecured Nonpriority Claims*. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) **Lien Retention**. Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

☐ See Section (J), Varying Provisions.

(E) **Surrendered Property**. Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive no distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. ***Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

| Creditor | Property Being Surrendered |
|---|---|
| -NONE- | |

(F) **Attorney Application for Payment of Attorney Fees**. Counsel for the Debtor has received a prepetition retainer of $ 2,000.00 , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

XX See Section (J), Varying Provisions.

(2) **Hourly Fees**. For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $ 300.0 per hour for attorney time and $150.00 per hour for paralegal time.

XX See Section (J), Varying Provisions.

(G) **Vesting**. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

-NONE-

☐ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.

-NONE-

(I) **Funding Shortfall**. Debtor will cure any funding shortfall before the Plan is deemed completed.

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

(J) **Varying Provisions**. The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

CREDITORS SHALL BE PROVIDED FOR AND PAID FOR AS STATED IN THIS PLAN REGARDLESS OF THE SECURED AMOUNT STATED IN A PROOF OF CLAIM. IF A SECURED CREDITOR DOES NOT FILE A TMELY OBJECTION TO CONFIRMATION OF THE PLAN, THEN IT IS DEEMED TO HAVE BEEN ACCEPTED TRETMENT OF ITS CLAIM UNDER THE PLAN AND THE AMOUNT PAID ON THE SECURED CLAIM. 11 U.S.C. SUBSECTION 1325 (A) (5) (a). CONFIRMATION OF THE PLAN BINDS ALL CLAIMANTS TO TREATMENT OF THE CLAIMS AS PROVIDED FOR IN THIS PLAN. THE BINDING EFECT IS REGARDLESS OF ANY PROOF OF CLAIM WHICH MAY BE FILED. 11. U.S.C. SECTION 1327.

IF A CREDITOR FAILS TO FILE A SECURED CLAIM BEFORE CONFIRMATION OR FILES A WHOLLY UNSECURED CLAIM, THE DEBTOR (S) MAY WITH NO ADDITONAL NOTICE, DELETE THE PROPOSED PAYMENT OF A SECURED CLAIM IN THE ORDER CONFIRMING THE PLAN. IF A CREDITOR FILES A SECURED CLAIM IN AN AMOUNT LESS THAN PROPOSED IN THE PLAN, THEN THE SECURED CLAIM WILL BE THE AMOUNT PAID PURSUANT TO THE CLAIM.

NEITHER THIS PLAN NOR THE ORDER CONFIRMING SHALL CONSTITUTE AN INFORMAL PROOF OF CLAIM FOR ANY CREDITOR.

As to the Real Property
NOTICE; DEBTORS MAY MARKET AND SELL THEIR RESIDENCE WITHOUT FURTHER ORDER OF THIS COURT, AND MAY HIRE REAL ESTATE PROFESIONALS TO ASSIST THEM IN MARKETING THE PROPERTY, AND MAY PAY SAID PROFESSIONALS OUT OF THE PROCEEDS FROM THE SALE, PROVIDING THAT DEBTORS OBTAIN THE PRIOR APPROVAL OF THE CHAPTER 13 TRUSTEE

PURSUANT TO A.R.S. TITLE 33, SECTION 1101, IN THE EVENT THE PROPERTY IS SOLD, DEBTORS' PORTION OR SHARE OF THE PROCEEDS FROM THE SALE OF DEBTORS' HOMESTEADED PROEPRTY, UP TO $150,000.00 MAY BE USED IN ANY MANNER, AND MAY BE TRANSFERRED, ENCUMBERED, OR SOLD WITHOUT FURTHER ORDER OF THIS COURT UPON THE TRUSTEE'S APPROVAL.

ATTORNEY FEES:

Attorney for debtor herein applies for compensation for ESTIMATED administrative expenses. Estimated attorney's fees are based on the standard hourly rate of $300.00 per hour for attorney time and $150.00 for paralegal time. Pursuant to the Local Rules of Bankruptcy Procedure, the ESTIMATED minimum retainer to be disclosed is $4000.00 of which $2000.00 has already been paid. The Plan provides for payment of the remaining $2000.00 to be paid by the Trustee to debtor's attorney. The fee represents ESTIMATED payment of Anticipated attorney's fees and costs associated with the filing of the debtor's bankruptcy proceeding, including preparation and filing of a Petition, Schedules A,, B, C, D, E, F, G, H, I and J, Statement of Financial Affairs, mailing matrix, One Chapter 13, plan, Plan analysis, One order confirming plan, noticing of plan by mail, One letter response to Trustee's Evaluation of Plan, representation of client at Section 341 hearing (one trip only up to 2 hours), costs and advising the debtor as issues arise. Costs include, but are not limited to, postage, copying and obtaining One updated mailing matrix. Should additional time be expended by the attorney, attorney will file and notice a separate fee application.

FEES STATED HEREIN ARE ESTIMATED AND ARE SUBJECT TO INCREASE BASED ON ATTORNEY AND/OR PARALEGAL TIME SPENT ON THIS CASE. SHOULD THE FEES EXCEED THE AMOUNT STATED ABOVE, ATTORNEY WILL FILE AND NOTICE A SEPARATE FEE APPLICATION.

The fees paid under the Plan will NOT include the following: correspondence and negotiation with creditors and trustee in excess of 2 hours, objections to proof of claims, motions to avoid liens and security interests where appropriate, conversion of the case to a different chapter, ALL additional hearings, amendments, motions for moratoriums, motions to modify the Plan, motions to approve post-petition debts, motions to sell estate property, representation of clients in a contested matter including, but not limited to, motions to lift the automatic stay, objections to discharge and motions to dismiss, whether filed by the trustee or otherwise. Fees for these additional services will be billed at attorney's above-stated hourly rate, billed in hours and tenths of hours.

(1)

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                                                                                                   Best Case Bankruptcy

(K) **Plan Summary**. If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Trustee's compensation (10% of plan payments) | $ 3,596.40 |
| (2) | Ongoing post-petition mortgage payments | $ 0.00 |
| (3) | Administrative expenses and claims | $ 2,000.00 |
| (4) | Priority claims | $ 0.00 |
| (5) | Prepetition mortgage or lease arrears, or amount to cure defaults, including interest | $ 2,773.87 |
| (6) | Secured personal property claims, including interest | $ 27,557.65 |
| (7) | Amount to unsecured nonpriority claims | $ 36.68 |
| (8) | **Total of plan payments** | $ 35,964.60 |

(L) **Section 1325 Analysis.**

(1) *Best Interest of Creditors Test:*

| | | |
|---|---|---:|
| (a) | Value of Debtor's interest in nonexempt property | $ 140.00 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 1,000.00 |
| (d) | Less: Amount to unsecured, priority creditors | $ 0.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ 0.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) *Section 1325(b) Analysis:*

| | | |
|---|---|---:|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ -967.07 |
| (b) | Applicable commitment period | $ 60 |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied by 60 | $ -58,024.20 |

(M) **Estimated Amount to Unsecured Nonpriority Creditors Under Plan**  $ 36.68

Dated: 2-4-11

Raymond Lopez
Debtor

Karen Lopez
Debtor

Janice M. Palmer 07718
Attorney for Debtor
Law Offices of Janice M. Palmer, P.C.
2420 W. Ray
Ste. 1
Chandler, AZ 85224
480-820-4771 Fax: 480-345-2003
janice@palmerlawaz.com

*rev. 12/09*

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy